# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## CRYSTAL STOOTS v. MICHAEL STOOTS

**Direct Appeal from the Chancery Court for Gibson County**
**No. 19813      George R. Ellis, Chancellor**

---

**No. W2011-01948-COA-R3-CV - Filed April 9, 2012**

---

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J.W.S., AND DAVID R. FARMER, J.

Marc Murdaugh and Gregory W. Minton, Jackson, Tennessee, for the appellant, Michael Stoots.

Crystal Stoots, Trenton, Tennessee, *pro se*.

### MEMORANDUM OPINION[1]

By Order entered on December 21, 2011, this Court directed Appellant Michael Stoots to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. We noted in our Order that, pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we had reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared to the Court that it does not have jurisdiction, because we could find nothing in the record reflecting that the trial court adjudicated the following: 1) the request for an award of attorney fees as set

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

forth in the "Complaint for Divorce" filed by Appellee Crystal Stoots in the trial court on July 15, 2010; 2) the counter-complaint for divorce filed by Appellant Michael Stoots on August 4, 2010; and, 3) the request for an award of attorney fees as set forth in the "Petition for Contempt" filed by Appellee Crystal Stoots in the trial court on April 19, 2011. Our Order also provided "[i]n the event that Appellant does not obtain entry of a final judgment within the time provided herein, Appellant shall have fifteen (15) days from the entry of this Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment."

On January 17, 2012, Appellant filed a pleading styled "Motion to Show Cause Why This Appeal Should Not Be Dismissed and in the Alternative For Extension of Time to Obtain Entry of a Final Judgment in the Trial Court" and a memorandum in support of the motion. Also, on January 23, 2012, Appellant filed a motion seeking an extension of time to file his brief.

In his January 17, 2012 motion, Appellant stated that he "does not at this time appeal the truly **post-divorce** motions and orders which address contempt of the Final Judgment of Divorce but does appeal the denial of [his] Motion to Modify alimony based upon a change in [his] financial condition post entry of the Final Judgment of divorce." Also, Appellant attempted to persuade this Court that the order appealed is a final judgment by stating that the trial court's order "need not address each and every element of damages or relief sought by either party where it is implicitly clear that the trial court intended to enter a final order of divorce... ."

We disagreed and by Order entered on January 27, 2012, we specifically directed Appellant to obtain entry of a final judgment disposing of the following issues within twenty (20) days of the entry of that Order: 1) the request for an award of attorney fees as set forth in the "Complaint for Divorce" filed by Appellee Crystal Stoots in the trial court on July 15, 2010; and, 2) the counter-complaint for divorce filed by Appellant Michael Stoots on August 4, 2010. Moreover, in our Order of January 27, 2012, the Court acknowledged that this appeal does not pertain to the contempt proceedings in the trial court and did not require Appellant to obtain a final judgment regarding the contempt proceedings. Finally, we directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order.

On February 10, 2012, Appellee Crystal Stoots filed a motion requesting that the Court dismiss this appeal for Appellant's failure to comply with our previous Order. As of this date, Appellant has not responded to the pending motion. Moreover, the trial court clerk has not transmitted a supplemental record containing a final judgment of the trial court. Thus, we find that Appellant has failed to comply with our Order of January 27, 2012, by obtaining a final judgment in this matter.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed is not a final judgment and thus, we must dismiss this appeal.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Michael Stoots, and his surety for which execution may issue if necessary.

**PER CURIAM**